# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL REED DORROUGH, | Case No.  1:15-cv-01488-BAM-PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF |
| v. | |
| N. CHINNAPA, et al., | |
| Defendants. | THIRTY-DAY DEADLINE |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983.  On October 16, 2015, Plaintiff filed a consent to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c). (ECF No. 6.)  Currently before the Court is Plaintiff's complaint, filed October 1, 2015.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief."  28 U.S.C. §

1  1915(e)(2)(B)(ii).

2      A complaint must contain "a short and plain statement of the claim showing that the

3  pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).   Detailed factual allegations are not

4  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

5  conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell

6  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).   While a plaintiff's allegations are taken

7  as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores,

8  Inc., 572 F.3d 677, 681 (9th Cir. 2009)(internal quotation marks and citations omitted).

9      Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings

10  liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338,

11  342 (9th Cir. 2010)(citations omitted).   To survive screening, Plaintiff's claims must be facially

12  plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each

13  named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S.

14  Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).   The "sheer possibility that a defendant has

15  acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's

16  liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572

17  F.3d at 969.

18  **II.**

19  **COMPLAINT ALLEGATIONS**

20      Plaintiff, an inmate in the custody of the California Department of Corrections and

21  Rehabilitation (CDCR) at California State Prison Solano, brings this action against Defendant

22  correctional officials employed by the CDCR at Corcoran State Prison, where the events at issue

23  occurred.   Plaintiff names the following individual Defendants: Nareddy Chinnapa, M.D.; Huu

24  Nguyen, M.D.; Wayne Ulit, M.D.; J. Wang, M.D., Chief Medical Officer; C. McCabe, M.D.; E.

25  Clark. M.D.   Plaintiff claims that Defendants were deliberately indifferent to his serious medical

26  needs in violation of the Eighth Amendment.

27      In 1996 (while in CDCR custody) Plaintiff was diagnosed with high cholesterol.   Plaintiff

28  was prescribed a low salt, low fat medical diet.   In 2007, Plaintiff was transferred to CSP

1   Corcoran, where he was housed at the time the complaint in this action was filed.  Plaintiff
2   alleges that his cholesterol is high, and in the last two years, "dangerously high." (Comp. p. 6.)
3   Plaintiff has been prescribed medication, Atorvastatin, 80 mg.   Plaintiff alleges that "this
4   treatment plan has been totally ineffective as the test results show . . .  Plaintiff's bad cholesterol
5   has continued to be dangerously high." (Id.)

6        Plaintiff requested to be tested for arteriosclerosis, due to his high cholesterol and
7   hypertension, as these conditions are high risk conditions for arteriosclerosis.  Plaintiff also has a
8   family history of stroke and heart disease.   Plaintiff's request was denied.  Defendant Nareddy
9   interviewed Plaintiff regarding his cholesterol level.   Dr. Nareddy told Plaintiff that the
10  medication he had been prescribed was sufficient.  Plaintiff attempted to explain to Dr. Nareddy
11  that the results of Plaintiff's lab tests show that Plaintiff's cholesterol is not being controlled.

12       On September 9, 2012, a second lab test was ordered by Dr. Karan.  Plaintiff alleges that
13  the test results from the second test showed that Plaintiff's cholesterol level was much higher.  A
14  third test was conducted on February 8, 2013.  Plaintiff alleges that those results showed that his
15  cholesterol level was even higher.    Plaintiff was interviewed by Defendant Dr. Nguyen about
16  the results.  Dr. Nguyen told Plaintiff that his cholesterol level was under control, and that his
17  medication was effective.

18       On February 4, 2014, another test was conducted.  Plaintiff alleges that the result showed
19  that his triglyceride level was "68 points higher than the reference range." (Id. p. 7.)   Plaintiff
20  spoke to Defendant Dr. Ulit, who ordered the test.  Plaintiff explained to Dr. Ulit that "nothing
21  different was being considered as part of any treatment plan, and it and that it should be obvious
22  that the current treatment plan simply was not working." (Id.)  Dr. Ulit advised Plaintiff that he
23  would prescribe Niacin.

24       On September 9, 2014, a lab test was ordered by a psychologist, Dr. Zuckerman.  The
25  results showed that Plaintiff's cholesterol and triglyceride levels were "dangerously high."  (Id.)
26  Plaintiff spoke to Dr. Ulit about the results, and on January 1, 2015, Dr. Ulit ordered another lab
27  test. Plaintiff alleges that this test showed that his cholesterol was "well over 300 points."  (Id.)
28  Plaintiff explained to Dr. Ulit that the only time that his cholesterol level was under control was

1   when he was on a low salt, low fat medical diet while housed at Pelican Bay State Prison.

2   Plaintiff alleges that each of the Defendants told him that there was no evidence in his medical

3   file that he was ever prescribed a medical diet, and that the CDCR does not prescribe low fat,

4   low salt diets.   Plaintiff was advised that the standard state diet was sufficient to control his

5   cholesterol.

6          Plaintiff explained to Dr. Ulit that if he stopped eating all of his state issued meals three

7   times a day, his cholesterol level would go down.   Plaintiff reasons that this demonstrates a

8   correlation that the standard state diet was the source of Plaintiff's high cholesterol.   Dr. Ulit

9   increased Plaintiff's Atorvastatin to the maximum level.   Plaintiff alleges that this did not result

10  in a lowering of his cholesterol level.

11         Plaintiff filed a medical grievance, requesting that his arteries be checked, and that he be

12  prescribed a medical low fat, low salt diet.   Defendant Dr. Clark interviewed Plaintiff regarding

13  his grievance.   Dr. Clark acknowledged that Plaintiff's cholesterol level was high, and that

14  Plaintiff's family history did increase his risk of heart disease and stroke.   Dr. Clark did advise

15  Plaintiff that if he was able to get a religious diet, it would be healthier than the standard state

16  diet.   Defendant Dr. McCabe was the first level reviewer of Plaintiff's grievance.   Dr. McCabe

17  denied the grievance on the ground that that there was no indication that Plaintiff's request was

18  necessary.   Defendant CMO Dr. Wang denied Plaintiff's request, indicating that although

19  Plaintiff's cholesterol was high, it was improving.   Plaintiff alleges that Dr. Wang referred to his

20  lab results from a test taken on June 3, 2013, and did not consider other supporting

21  documentation showing that his cholesterol level continued to increase.

22         Plaintiff alleges that he has "experienced chest pains, heart palpitations, shortness of

23  breath, pain and numbness down his left arm, dizziness." (Id. p. 11.)   Plaintiff does not indicate

24  when this occurred.

25  ///

26  ///

27  ///

28

**III.**

**DISCUSSION**

**A.    Eighth Amendment**

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Id.   The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

"A difference of opinion between a physician and the prisoner – or between medical professionals – concerning what medical care is appropriate does not amount to deliberate indifference."  Snow, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, Peralta, 744 F.3d at 1082-83; Wilhelm, 680 F.3d at 122-23 (citing Jackson v. McIntosh, 90 F.3d at 330, 332 (9th Cir. 1986)).  Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health."  Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

**1.  High Cholesterol**

Here, Plaintiff's allegations indicate, at most, a disagreement with the course of treatment that Defendants have prescribed for him.  That Plaintiff, in his view, suffers from "dangerously

high" cholesterol levels, does not subject Defendant physicians to liability because they have a different view.  As noted above, Plaintiff must allege some facts indicating a purposeful act or failure to respond to his high cholesterol, causing him injury.  Plaintiff has not alleged any facts indicating that any of the Defendants were aware of a diagnosis from a medical professional indicating that Plaintiff, in the opinion of a medical professional, had a condition that required the treatment sought by Plaintiff.

Although Plaintiff sincerely believes that he suffers from a dangerous medical condition that is not being adequately addressed by Defendants, he has not alleged any facts indicating that any of the Defendants knew of an objectively serious medical condition, and chose a course of treatment in conscious disregard of that risk.  Even assuming that Plaintiff has alleged facts indicating that Defendants' course of treatment constituted medical malpractice, Plaintiff has not stated a claim under the Eighth Amendment.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quotation marks omitted).   Because Plaintiff has not alleged facts indicating deliberate indifference as that term is defined above, the complaint should be dismissed for Plaintiff's failure to state a claim for relief.  Plaintiff will, however, be granted leave to file an amended complaint that cures this defect.

**2.  Chest Pains**

Regarding Plaintiff's allegations that he suffered chest pains and other symptoms indicating a heart attack, liberally construed, Plaintiff has alleged facts indicating that he suffered from an objectively serious medical condition.  Plaintiff has not, however, alleged any facts that any of the named Defendants were deliberately indifferent to that condition.  Plaintiff does not indicate when he suffered his chest pains, or what medical attention he sought.  A bare allegation that Plaintiff suffered from high cholesterol and had symptoms of a heart attack do not subject Defendants to liability under the Eighth Amendment.  In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law.  Plaintiff should state clearly, in his or her own words, what happened.  Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.  Plaintiff does not

1    allege any facts indicating that any of the named Defendants were aware of Plaintiff's symptoms,

2    or that they were deliberately indifferent to Plaintiff's symptoms.  This claim should therefore be

3    dismissed for failure to state a claim.  Plaintiff will, however, be granted leave to file an amended

4    complaint that cures this defect.

5            **B.**      **Grievance Process**

6         The only conduct charged to Defendants Clark, McCabe, and Wang is their conduct in

7    reviewing Plaintiff's grievance related to his medical treatment.  Involvement in reviewing an

8    inmate's administrative appeal does not necessarily demonstrate awareness of an alleged

9    violation, or contribute to the underlying violation.  George v. Smith, 507 F.3d 605, 609 (7th Cir.

10    2007); Peralta v. Dillard, 744 F.3d 1076, 1086-87 (9th Cir. 2014).   In order to hold these

11    Defendants liable, Plaintiff must allege facts as to each Defendant indicating that they knew of

12    and disregarded a serious medical condition of Plaintiff's.  Assuming Plaintiff had alleged facts

13    demonstrating that his treating physicians were deliberately indifferent to a serious medical need

14    of Plaintiff's involvement in reviewing an inmate's administrative appeal does not necessarily

15    demonstrate awareness of the alleged violation.  Peralta, 744 F.3d at 1086-87.  Plaintiff must

16    allege facts indicating that each Defendant knew of and disregarded a serious risk to Plaintiff's

17    health.  Plaintiff has failed to do so here.  These Defendants should therefore be dismissed for

18    Plaintiff's failure to state a claim against them.

19            **C.**      **Dr. Nguyen**

20         Plaintiff fails to allege any conduct as to Dr. Nguyen.  Section 1983 provides a cause of

21    action for the violation of Plaintiff's constitutional or other federal rights by persons acting under

22    color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009); Long v. County of

23    Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th

24    Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a

25    method for vindicating federal rights elsewhere conferred."  Crowley v. Nevada ex rel. Nevada

26    Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012)(citing Graham v. Connor, 490 U.S. 386, 393-

27    94 (1989))(internal quotation marks omitted).  To state a claim, Plaintiff must allege facts

28    demonstrating the existence of a link, or causal connection, between each defendant's actions or

omissions and a violation of his federal rights.  Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011). In order to hold Defendant Dr. Nguyen liable, Plaintiff must allege some conduct by Dr. Nguyen that indicates a deprivation of a protected interest of Plaintiff's.  Plaintiff has not done so here. Dr. Nguyen should therefore be dismissed for failure to state a claim.

### D.      Rule 18

Plaintiff alleges conduct that occurred from 2012 to 2015.   While Plaintiff sought treatment for the same medical issue during that time frame, the conduct of the Defendant Physicians appears to be unrelated.  Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 653 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are common questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.2d 1371, 1375 (9th Cir. 1980). Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff's claims fail to comply with the rules regarding joinder of claims.  For example, Plaintiff appears to be pursuing claims against certain defendants for separate requests for treatment.  Plaintiff may not pursue unrelated claims against unrelated defendants in this action. If Plaintiff elects to amend his complaint, Plaintiff shall choose which claims he wishes to pursue his action.  If Plaintiff does not do and his amended complaint again sets forth unrelated claims which violate joinder rules, the Court may dismiss this action for failure to comply with Court orders.

# IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted.  Plaintiff is granted leave to file an amended complaint within thirty (30) days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)(no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678.  "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in and of itself without reference to the prior or superseded pleading," Local Rule 220.  "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send to Plaintiff a civil rights complaint form;

2.      Plaintiff's complaint, filed October 1, 2015, is dismissed for failure to state a claim;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a A first amended complaint or a notice of voluntary dismissal; and

///

///

4.      If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim and to obey a court order.

IT IS SO ORDERED.

Dated:   __May 17, 2016__            __/s/ Barbara A. McAuliffe__

                                              UNITED STATES MAGISTRATE JUDGE