# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL REED DORROUGH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>N. CHINNAPA, et al.,<br><br>　　　　Defendants. | Case No. 1:15-cv-01488-BAM-PC<br><br>ORDER DISMISSING THIS ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED<br><br>ORDER THAT THIS ACTION COUNT AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(g). |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. On October 16, 2015, Plaintiff filed a consent to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c). (ECF No. 6.) Currently before the Court is Plaintiff's June 17, 2016, first amended complaint, filed in response to the May 17, 2016, order dismissing the original complaint with leave to amend. (ECF No. 9.)

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)(internal quotation marks and citations omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010)(citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at California State Prison Solano, brings this action against Defendant correctional officials employed by the CDCR at Corcoran State Prison, where the events at issue occurred.  Plaintiff names the following individual Defendants: Nareddy Chinnapa, M.D.; Huu Nguyen, M.D.; Wayne Ulit, M.D.   Plaintiff claims that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

Plaintiff's allegations stem from his diagnosis of high cholesterol, and the alleged failure of Defendants to provide Plaintiff with the treatment regimen that Plaintiff believes is appropriate.  The Court dismissed the original complaint in this action because Plaintiff failed to allege facts sufficient to state a claim for relief under section 1983.  Specifically, in the order

1 dismissing the original complaint, the Court noted that although Plaintiff sincerely believed that he suffered from a dangerous medical condition that was not being adequately addressed by Defendants, he did not allege any facts indicating that any of the Defendants knew of an objectively serious medical condition, and chose a course of treatment in conscious disregard of that risk.

In the first amended complaint that is now before the Court, Plaintiff alleges that he was first diagnosed with high cholesterol in 1996 while in CDCR custody. Since then, Plaintiff has been treated with medication. Plaintiff was transferred to Corcoran State Prison in 2007. Plaintiff alleges that during his time at Corcoran, up to the filing of the complaint on October 1, 2015, his cholesterol level has been "dangerously high." (ECF No. 10, p. 5.) Plaintiff alleges that the only treatment that Defendants have been willing to consider is medication. Specifically, Plaintiff has been prescribed Atorvastatin. Plaintiff alleges that the Atorvastatin has been ineffective in lowering his cholesterol. Plaintiff has advised Defendants that he has a family history of heart disease.

Plaintiff alleges that, at some point, Defendant Chinnapa ordered lab tests "as a result of Plaintiff requesting it, and those results showed that Plaintiff's cholesterol was very high." (Id.) Defendant Chinnapa interviewed Plaintiff regarding the test results, and advised Plaintiff that "his cholesterol was fine." (Id.)

On February 8, 2013, another blood test was ordered by Defendant Nguyen. Plaintiff alleges that the test results showed that Plaintiff's cholesterol levels were even higher. Plaintiff was interviewed by Dr. Nguyen, who advised Plaintiff that his cholesterol levels were under control, and that the medication he had been prescribed was effective. Dr. Nguyen ordered another blood test on June 6, 2013. Plaintiff alleges that the test results again showed that his cholesterol levels were even higher. Plaintiff spoke with Dr. Nguyen about these results. Dr. Nguyen again told Plaintiff that his cholesterol was under control.

Plaintiff spoke to Defendant Ulit, and explained that "nothing different was being considered as part of any treatment plan, and it should be obvious that the current treatment plan was simply not working, because Plaintiff's cholesterol, in ever aspect [sic], continued to

3

1  increase." (Id. p. 6.)  Dr. Ulit ordered another blood test.  Plaintiff alleges that this test showed
2  that his cholesterol levels were higher than the reference range.   Plaintiff was seen again by Dr.
3  Ulit on January 1, 2015.  Dr. Ulit ordered another blood test, which again showed that Plaintiff's
4  cholesterol level was high.

5  Plaintiff explained to Dr. Ulit that the only time that his cholesterol had been controlled
6  was when he had been prescribed a low-salt/ low-fat diet while housed at Pelican Bay State
7  Prison.  Dr. Ulit told Plaintiff that there was no documentation in his medical file that he had
8  ever been prescribed such a diet.  Plaintiff alleges that he submitted documentation to Dr. Ulit
9  that he had been prescribed a low-salt/low-fat diet.  Plaintiff alleges that each of the Defendants
10 advised him that the standard state diet was sufficient to lower Plaintiff's cholesterol.

11 Plaintiff alleges that on June 21, 2015, and August 9, 2015, he complained of shortness of
12 breath, chest pains, heart palpitations, and numbness in his left arm.   In response, Dr. Ulit
13 increased Plaintiff's Atorvastatin dosage to 80 mg.  Plaintiff alleges that the increased dosage did
14 not result in a lowering of his cholesterol levels.

## III.

## DISCUSSION

### A.  Eighth Amendment

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Id.   The requisite state of mind is one of

1 subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at
2 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

3     "A difference of opinion between a physician and the prisoner – or between medical
4 professionals – concerning what medical care is appropriate does not amount to deliberate
5 indifference." Snow, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.
6 1989)), overruled in part on other grounds, Peralta, 744 F.3d at 1082-83; Wilhelm, 680 F.3d at
7 122-23 (citing Jackson v. McIntosh, 90 F.3d at 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must
8 show that the course of treatment the doctors chose was medically unacceptable under the
9 circumstances and that the defendants chose this course in conscious disregard of an excessive
10 risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation
11 marks omitted).

**1. High Cholesterol**

13     Here, Plaintiff's allegations indicate, at most, a disagreement with the course of treatment
14 that Defendants have prescribed for him. That Plaintiff, in his view, suffers from "dangerously
15 high" cholesterol levels, does not subject Defendant physicians to liability because they have a
16 different view. As noted above, Plaintiff must allege some facts indicating a purposeful act or
17 failure to respond to his high cholesterol, causing him injury. Plaintiff has not alleged any facts
18 indicating that any of the Defendants were aware of a diagnosis from a medical professional
19 indicating that Plaintiff, in the opinion of a medical professional, had a condition that required
20 the treatment sought by Plaintiff.

21     Although Plaintiff sincerely believes that he suffers from a dangerous medical condition
22 that is not being adequately addressed by Defendants, he has not alleged any facts indicating that
23 any of the Defendants knew of an objectively serious medical condition, and chose a course of
24 treatment in conscious disregard of that risk. Even assuming that Plaintiff has alleged facts
25 indicating that Defendants' course of treatment constituted medical malpractice, Plaintiff has not
26 stated a claim under the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 106 (1976)
27 (quotation marks omitted).

28     Further, Plaintiff attaches as exhibits to his first amended complaint copies of responses

to his Inmate Health Care Appeals, challenging his health care for high cholesterol.[1] The response at the Director's level indicates that, despite Plaintiff's request for further treatment, his primary care physician has not documented any medical indication to test for clogged arteries at this time. The response indicates that Plaintiff is enrolled in the Chronic Care Program, where his medical conditions and medication are closely monitored. The response also notes that the CDCR provides inmates with meals based on a modified heart healthy diet from a standardized master menu, and that this diet eliminates the need for most prescribed outpatient diets. Plaintiff was advised that the CDCR provides outpatient therapeutic diets only for patient-inmates identified has having conditions that meet the criteria for a gluten-free, hepatic, pre-renal, or renal diet. The decision concluded that Plaintiff's medical condition has been evaluated, and Plaintiff is receiving the treatment deemed medically necessary.

### 2. Chest Pains

Regarding Plaintiff's allegations that he suffered chest pains and other symptoms indicating a heart attack, liberally construed, Plaintiff has alleged facts indicating that he suffered from an objectively serious medical condition. Plaintiff has not, however, alleged any facts that any of the named Defendants were deliberately indifferent to that condition. Plaintiff does not allege any facts indicating the circumstances of the chest pains. Plaintiff does not allege any facts indicating that, at the time Plaintiff suffered from chest pains, any of the Defendants in this action were aware of Plaintiff's chest pains, and were deliberately indifferent to his condition. The facts alleged indicate that Plaintiff was treated with medication. A bare allegation that Plaintiff suffered from high cholesterol and had symptoms of a heart attack do not subject Defendants to liability under the Eighth Amendment. In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law. Plaintiff should state clearly, in his or her own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff. Plaintiff does not

---

[1] The Court is not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint. See Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); Steckman v. Hart Brewing, 143 F.3d 1293, 1295-96 (9th Cir. 1998).

allege any facts indicating that any of the named Defendants were aware of Plaintiff's symptoms, or that they were deliberately indifferent to Plaintiff's symptoms. This claim should therefore be dismissed for failure to state a claim.

## IV.

## CONCLUSION AND ORDER

Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's first amended complaint is largely identical to the original complaint. Based upon the allegations in Plaintiff's original complaint and first amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for relief under 42 U.S.C. §1983, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed for failure to state a claim upon which relief could be granted; and
2. This action counts as a strike pursuant to 28 U.S.C, § 1915(g).

IT IS SO ORDERED.

Dated: __June 24, 2016__     /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE